**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RECKITT BENKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC., INTELGENX TECHNOLOGIES CORP., and LTS LOHMANN THERAPY SYSTEMS CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 13-1461-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT LTS LOHMANN THERAPY SYSTEMS CORPORATION'S ANSWER

Defendant LTS Lohmann Therapy Systems Corp. ("LTS"), by and through its attorneys, answers the Complaint of Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc., RB Pharmaceuticals Limited, and Monosol RX, LLC (collectively "Plaintiffs") as follows. Except as otherwise specifically stated in this Answer, Defendant denies each and every allegation of Plaintiffs' complaint.

## NATURE OF THE ACTION

1.     LTS admits that this purports to be an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively.  LTS admits that this action relates to Par Pharmaceutical, Inc.'s ("Par") filing of an Abbreviated New Drug Application ("ANDA") seeking Food and Drug Administration ("FDA") approval to manufacture and sell a generic version of Plaintiff RB Pharmaceuticals Limited's  ("RBP")  Suboxone® sublingual film. LTS denies the remaining allegations contained in Paragraph 1.

## THE PARTIES

2.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and so denies the allegations contained in Paragraph 2.

3.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint and so denies the allegations contained in Paragraph 3.

4.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint and so denies the allegations contained in Paragraph 4.

5.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint and so denies the allegations contained in Paragraph 5.

6.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint and so denies the allegations contained in Paragraph 6.

7.     LTS admits that LTS is a corporation organized and existing under the laws of Delaware, having a principal place of business at 25 Henderson Drive, West Caldwell, New Jersey.

## JURISDICTION AND VENUE

8.     LTS admits that subject matter jurisdiction is proper for the claims asserted against LTS.

9.      The allegations contained in Paragraph 9 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 11.

12.     The allegations contained in Paragraph 12 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 12.

13.     The allegations contained in Paragraph 13 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 14.

15.     LTS admits that it develops and coats adhesives for the pharmaceutical, medical, electronics and other technology based industries.  LTS denies the remaining allegations contained in Paragraph 15.

16.     LTS admits that this Court has personal jurisdiction over LTS for purposes of this action only.  LTS admits that LTS previously submitted to personal jurisdiction in this Court. LTS denies the remaining allegations contained in Paragraph 16.

17.     LTS admits that this Court has personal jurisdiction of LTS for purposes of this action only.

18.     LTS admits that venue is proper with respect to LTS for purposes of this action only.

## THE PATENTS-IN-SUIT

19.     LTS admits the allegations contained in Paragraph 19

20.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 20 and so denies those allegations. LTS admits the remaining allegations contained in Paragraph 20.

## SUBOXONE® SUBLINGUAL FILM

21.     The allegations contained in Paragraph 21 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 22.

23.     The allegations contained in Paragraph 23 refer to the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book"), a document which speaks for itself.  LTS denies the allegations contained in Paragraph 23 to the extent they paraphrase or characterize the Orange Book in a manner inconsistent with its actual terms or

substance, taken as a whole, in the proper context, and refer to the Orange Book for the true and correct contents thereof.

## DEFENDANTS' ANDA

24.     The allegations contained in Paragraph 24 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 24.

25.     The allegations contained in Paragraph 25 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 25.

26.     LTS denies the allegations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 27.

28.     LTS denies the allegations contained in Paragraph 28.

29.     LTS denies the allegations contained in Paragraph 29.

30.     The allegations contained in Paragraph 30 refer to IGX's SEC filings (the "SEC Filings"), documents which speak for themselves.  LTS denies the allegations contained in Paragraph 30 to the extent they paraphrase or characterize the SEC Filings in a manner inconsistent with their actual terms or substance, taken as a whole, in the proper context, and refer to the SEC Filings for the true and correct contents thereof.

31.     The allegations contained in Paragraph 31 refer to IGX's SEC filings (the "SEC Filings"), documents which speak for themselves.  LTS denies the allegations contained in Paragraph 30 to the extent they paraphrase or characterize the SEC Filings in a manner

inconsistent with their actual terms or substance, taken as a whole, in the proper context, and refer to the SEC Filings for the true and correct contents thereof.

32.     LTS denies the allegations contained in Paragraph 32.

33.     LTS is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph33 of the Complaint; therefore, denied.

**COUNT I**
**(Infringement of the '832 Patent Under 35 U.S.C. Section 271(e)(2))**

34.     LTS repeats its responses to Paragraphs 1 through 33 and incorporates the same by reference, as if fully set forth herein; admitted.

35.     LTS denies the allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 36.

37.     LTS denies the allegations contained in Paragraph 37.

38.     The allegations contained in Paragraph 38 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 38.

39.     The allegations contained in Paragraph 39 state the relief Plaintiffs seek in the Complaint, to which no response is required.  To the extent a response is required, LTS denies that Plaintiffs are entitled to the relief sought in the Complaint.

**COUNT II**
**(Declaratory Judgment of Infringement of the**
**'832 Patent Under 25 U.S.C. Section 271(a-c))**

40.     LTS repeats its responses to Paragraphs 1 through 39 and incorporates the same by reference, as if fully set forth herein; admitted.

41.     The allegations contained in Paragraph 41 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 42.

43.     The allegations in Paragraph 43 do not pertain to LTS and therefore no response is required.   To the extent a response is required, LTS denies the allegations contained in Paragraph 43.

44.     LTS denies the allegations contained in Paragraph 44.

45.     LTS denies the allegations contained in Paragraph 45.

46.     The allegations in Paragraph 46 do not pertain to LTS and therefore no response is required.   To the extent a response is required, LTS denies the allegations contained in Paragraph 46.

47.     The allegations contained in Paragraph 47 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 47.

48.     The allegations contained in Paragraph 48 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 48.

49.     LTS denies the allegations contained in Paragraph 49.

## COUNT III
### (Infringement of the '150 Patent Under 35 U.S.C. Section 271(e)(2))

50.     LTS repeats its responses to Paragraphs 1 through 49 and incorporates the same by reference, as if fully set forth herein; admitted.

51.     LTS denies the allegations contained in Paragraph 51.

52.     The allegations contained in Paragraph 52 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 52.

53.     LTS denies the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 54.

55.     The allegations contained in Paragraph 55 state the relief Plaintiffs seek in the Complaint, to which no response is required.  To the extent a response is required, LTS denies that Plaintiffs are entitled to the relief sought in the Complaint.

## COUNT IV
### (Declaratory Judgment of the Infringement of the '150 Patent Under 35 U.S.C. Section 271(a))

56.     LTS repeats its responses to Paragraphs 1 through 55 and incorporates the same by reference, as if fully set forth herein; admitted.

57.     The allegations in Paragraph 57 do not pertain to LTS and therefore no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 57.

58.     The allegations contained in Paragraph 58 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 58.

59.     The allegations contained in Paragraph 59 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 59.

60.     The allegations contained in Paragraph 60 state a legal conclusion to which no response is required.  To the extent a response is required, LTS denies the allegations contained in Paragraph 60.

61.     LTS denies the allegations contained in Paragraph 61.

## PRAYER FOR RELIEF

A.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph A.

B.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph B.

C.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph C.

D.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph D.

E.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph E.

F.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph F.

G.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph G.

H.      Defendants deny that Plaintiffs are entitled to the relief request in Paragraph H.

## DEFENSES

Without prejudice to the denials set forth in the Answer, without admitting any allegation in the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiffs, LTS asserts the following affirmative defenses:

1.      The claims of the '832 and '150 patents are invalid under 35 U.S.C. § 1 *et seq.*
and/or the doctrine of obviousness-type double patenting.

2.      The manufacture, use, offer for sale, sale, marketing, distribution, or
importation of the product that is the subject of Par Pharmaceutical, Inc.'s ANDA No. 20-
5854 would not infringe any valid claim of the '832 and '150 patents.

3.      The Complaint fails to state a claim for which relief can be granted.

4.      The relief requested in the Complaint is barred by the doctrines of estoppel
and/or waiver.


September 24, 2013                          BAYARD, P.A.

                                           */s/ Stephen B. Brauerman (No. 4952)*
                                           Richard D. Kirk (No. 0922)
                                           Stephen B. Brauerman (No. 4952)
                                           Vanessa R. Tiradentes (No. 5398)
                                           222 Delaware Avenue, Suite 900
                                           Wilmington, DE 19899
                                           (302) 655-5000
                                           (302) 658-6395 (fax)
                                           rkirk@bayardlaw.com
                                           sbrauerman@bayardlaw.com
                                           vtiradentes@bayardlaw.com

                                           *Attorneys for Defendant*
                                           *LTS Lohmann Therapy Systems Corp.*