

Steven J. Fineman
302-651-7592
Fineman@rlf.com

January 27, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *Reckitt Benckiser et al. v. Par Pharmaceutical, Inc. et al.*, C.A. No. 13-1461-RGA

Dear Judge Andrews:

      Defendant Par writes with respect to the timing of its full ANDA production to Plaintiff MonoSol, and the defectiveness of MonoSol's identification of its alleged trade secrets MonoSol contends it provided to Par in the course of the parties' prior business relationship. MonoSol should be required to identify its trade secrets with "reasonable particularity" before Par produces to MonoSol documents that could implicate trade secret issues. Courts regularly require this procedure so that asserted trade secrets are not defined around a defendant's precise products or manufacturing procedures. Par is forced to seek this relief only because MonoSol failed to abide by its discovery obligations. Par served discovery requiring MonoSol to identify its alleged trade secrets that may have been conveyed to Par, and MonoSol's answers were due four days before the scheduled ANDA production. MonoSol, however, neither identified any alleged trade secrets, nor disclaimed that any trade secrets ever were conveyed to Par. Had MonoSol met its discovery obligations, Par would not need the relief it seeks here.

      Par has produced its full ANDA to the Reckitt Benckiser Plaintiffs, and has produced to MonoSol all portions of its ANDA that do not implicate trade secret issues. Par raises this issue with the Court at the earliest practical opportunity, and seeks the earliest resolution so that MonoSol can receive the balance of Par's ANDA as soon as possible. Par fully understands that MonoSol needs Par's full ANDA for the patent disputes at issue, and would agree that MonoSol have additional days to meet its next discovery deadline. Accordingly, Par seeks an order relieving Par of its obligation to disclose its ANDA until MonoSol identifies with reasonable particularity any information MonoSol alleges was a valid trade secret that MonoSol disclosed to Par or, in the alternative, an order compelling MonoSol to supplement within five days its responses to Par's Interrogatory No. 1 (Ex. A) and Par's Document Request No. 1 (Ex. B).

      Prior to this lawsuit, MonoSol contended that Par's ANDA was based at least in part on MonoSol trade secrets. (Ex. C). While MonoSol now denies that a trade secret controversy exists (D.I. 20), it has not moved to dismiss Par's declaratory judgment counterclaims, and the trade secret dispute remains part of this case.

      Par repeatedly, and from the earliest possible moment in this litigation, has sought MonoSol's trade secret identification. On December 13, 2013, the same day the ANDA

The Honorable Richard G. Andrews
January 27, 2014
Page 2

production date was set, Par sought MonoSol's agreement that it would identify its alleged trade secrets prior to the production of Par's ANDA. (Ex. D). Plaintiffs would not discuss the issue until December 18, and then refused Par's proposal. (Ex. E). That same day Par served discovery requests seeking trade secret identification, with answers due on January 17, 2014, four days before the scheduled ANDA production.

MonoSol's responses, served at 7 p.m. on Friday January 17, 2014 (Exs. F-G), neither identified a single trade secret nor disclaimed that trade secrets had ever been conveyed to Par. MonoSol's responses, which do not satisfy its discovery obligations, would have the effect of allowing post-hoc definition of MonoSol's supposed trade secrets based upon information contained in Par's highly confidential documents. In response, Par emailed MonoSol Saturday morning at 10 a.m., seeking again to resolve this issue before the scheduled ANDA production, and offering to talk any time over that weekend. (Ex. H). MonoSol would not confer with Par until the day after Par's scheduled ANDA production. (Ex. I). Par told MonoSol that it would seek this relief, and called the Court seeking the earliest possible hearing date. Unfortunately, weather closed the Court on January 21 and 22, and the hearing date was set on January 23.

**I.   MonoSol should have no trouble specifying any trade secrets it allegedly owns, and should not be allowed to define purported trade secrets based on Par's ANDA.**

In Delaware, like other jurisdictions, the trade secret owner must identify its alleged trade secrets before obtaining the alleged misappropriator's confidential information. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991); *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986); *see also* Cal. Code Civ. Proc. § 2019.210; *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, 2011 U.S. Dist. LEXIS 111479 (E.D. Mich. Sept. 29, 2011); *AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 925-26 (N.D. Ill. 2001); *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322 (S.D. Fla. 2001). One purpose of this rule is to define the scope of discovery; that is not in controversy here because Par must produce its ANDA and seeks to complete such production as early as possible. A second and critical purpose is central to this motion—pre-discovery trade secret identification ensures that the trade secret owner cannot define its trade secrets around the discovery it receives. *Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *4 (D. Nev. June 19, 2012); *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2011 WL 10858409, at *1 (D. Colo. Oct. 12, 2011); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007).

MonoSol cannot sensibly contend that it needs Par's ANDA to identify trade secrets conveyed to Par in a prior business relationship. This information allegedly is MonoSol's intellectual property—information it purportedly created independently, maintains as secret, and from which it derives value. 6 *Del. C.* § 2001(4). But unlike a patent or other intellectual property, the existence and precise definition of trade secret IP is not captured in an issued patent or some other fixed specification, like a trademark or copyright. Whereas the patent statute requires that claims be "definite" to protect the public, trade secret subject matter often is quite amorphous, and its very existence, and use, can depend on, e.g., a very minor difference in temperature or duration of a manufacturing process. It is precisely this reason why courts require plaintiffs to identify their trade secrets before obtaining defendants' documents.

MonoSol contends that identifying its broad trade secret information is burdensome. But the claim here is limited only to alleged trade secrets conveyed to Par. If this information is so valuable that it merits trade secret protection, MonoSol should have no trouble identifying it. The Declaratory Judgment posture of this action does not alter the burden of proof, or the sequence of disclosures. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 2014 WL 223040, at *6-7 (U.S. Jan. 22, 2014) (explaining that the declaratory judgment mechanism is procedural and does not alter or shift substantive rights).

## II. Par expects irreparable harm if MonoSol receives Par's complete ANDA before MonoSol's alleged trade secrets are identified.

Months before this litigation, MonoSol sought Par's ANDA to assess whether it included MonoSol trade secrets, while refusing to identify any such trade secrets. (Ex. C). Par, without any obligation to disclose its confidential ANDA,[1] agreed to do precisely that if MonoSol would first identify alleged trade secrets. (Ex. J). MonoSol refused. (Ex. K). Producing Par's complete ANDA in advance of MonoSol's trade secret identification will irreparably harm Par by allowing MonoSol to "mold" its trade secret claims to fit Par's ANDA. *See, e.g., DeRubeis*, 244 F.R.D. at 681. Par's ANDA contains all information needed for FDA to review and ultimately approve Par's proposed ANDA product, and thus the vast majority of non-duplicative information about the proposed formulation and manufacture of Par's ANDA product. Thus, unlike a conventional trade secret case where discovery would be in its infancy a month after the scheduling conference, discovery of all of the defendant's relevant documents in a Hatch-Waxman case occurs promptly because the ANDA applicant discloses its ANDA early.

Par recognizes that delay in the ANDA production could compress MonoSol's time to prepare infringement contentions. Par sought resolution of this issue before this litigation even commenced, and again upon receipt of MonoSol's deficient discovery responses. Par is agreeable to MonoSol taking additional time to meet its next deadline, to avoid any possible prejudice, but MonoSol should not have full access to Par's ANDA before it identifies the trade secrets it accused Par of misappropriating.

Par respectfully requests that the Court issue an Order protecting Par from disclosure of its ANDA to MonoSol until MonoSol identifies with reasonable particularity any information that MonoSol alleges was a valid trade secret that MonoSol disclosed to Par. In the alternative, Par requests that the Court issue an order compelling MonoSol to supplement within five days its responses to Par's Interrogatory No. 1 and Par's Document Request No. 1.

Respectfully,

*/s/ Steven J. Fineman*

Steven Fineman (#4025)

cc: All counsel of record (via CM/ECF)

---

[1] Under 21 U.S.C. § 355(j)(5)(C)(i)(III), an ANDA applicant provides an offer of confidential access to its ANDA to the patentee and the NDA holder for the limited purpose of determining whether an action for infringement of patents listed in the Orange Book should be brought.