# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RECKITT BENCKISER
PHARMACEUTICALS, INC., RB
PHARMACEUTICALS LIMITED, and
MONOSOL RX, LLC,

               Plaintiffs,

    v.

PAR PHARMACEUTICAL, INC.,
INTELGENX TECHNOLOGIES CORP.,
and LTS LOHMANN THERAPY
SYSTEMS CORP.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 13-1461-RGA

## DEFENDANT PAR PHARMACEUTICAL, INC.'S FIRST SET OF
## INTERROGATORIES (NO. 1)

In accordance with Federal Rule of Civil Procedure 33, Defendant Par Pharmaceutical,

Inc. ("Par") requests that Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc., RB Pharmaceuticals

Limited, and MonoSol RX, LLC (collectively, "Plaintiffs") respond to the following

interrogatory within thirty (30) days of service. The following Definitions and Instructions apply

to this interrogatory.

### DEFINITIONS

A.     The term "RBP" collectively refers to Reckitt Benckiser Pharmaceuticals, Inc.

and RB Pharmaceuticals Limited, including any predecessor or successor company or individual,

and any corporation or other business entity (whether or not a separate legal entity) subsidiary to,

parent of, or affiliated with Reckitt Benckiser Pharmaceuticals, Inc. or RB Pharmaceuticals

Limited, as well as all present and former principals, officers, employees, agents, representatives,

and consultants of (1) Reckitt Benckiser Pharmaceuticals, Inc.; (2) RB Pharmaceuticals Limited;

(3) any subsidiary, parent, or affiliated corporation or other business entity; or (4) any predecessor or successor company or individual.

     B.    The term "MonoSol" refers to MonoSol RX, LLC, including any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with MonoSol RX, LLC, as well as all present and former principals, officers, employees, agents, representatives, and consultants of (1) MonoSol RX, LLC.; (2) any subsidiary, parent, or affiliated corporation or other business entity; or (3) any predecessor or successor company or individual.

     C.    The term "Plaintiffs" refers to RBP and/or MonoSol.

     D.    The term "identify" refers to: (a) when used in reference to a person, full name, job title or position, last known business address, last known residence address, last known telephone number, and name of employer or business with whom the person was associated; (b) when used in reference to an organization, the full legal names, the address of its principal place of business, the organization's line of business, and the name of its officers and owners; (c) when used in reference to a document, the title and date of the document, the author(s) (and if different, the signer(s)), the addressee(s), and all persons who received or reviewed the document or copies thereof, its subject matter and summary of its contents, and its present custodian; and (d) when used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication, or event, the date upon which and the place it occurred, the identity of each person who participated therein or was present when it occurred, its substance, and the identity of each document that in whole or in part was the subject of the act or in which it is manifested, referred to, or expressed.

E.      The term "concerning" means comprising, relating to, referring to, associated with, describing, explaining, evidencing, or mentioning.

F.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of their scope.

G.      The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of their scope.

## INSTRUCTIONS

A.      Each interrogatory should be answered separately and fully in writing under oath. If Plaintiffs object to any interrogatory in part, respond to the extent the interrogatory is not objectionable.

B.      To the extent that Plaintiffs, after exercising due diligence to obtain the requested information, cannot answer any of the interrogatories in full, answer to the extent possible and specify what efforts were made to obtain the requested information, state the reasons why the remainder of the interrogatory cannot be answered, and state what information and knowledge Plaintiffs have concerning the unanswered portion.  If any answers are qualified, set forth the details of such qualifications.

C.      To the extent that Plaintiffs believe any part of an interrogatory to be ambiguous, set forth the manner deemed ambiguous and the construction chosen or used in responding to the interrogatory.

RLF1 9712797v.1

D.      To the extent that Plaintiffs believe any part of an interrogatory to be duplicative of any other interrogatory or document request, indicate which interrogatory or document request requested the same information.

E.      These interrogatories shall be deemed to be continuing, such that if Plaintiffs become aware of additional responsive information or business records after the date of answer specified above, Plaintiffs should promptly furnish such information or business records to Par's counsel.

## INTERROGATORIES

### Interrogatory No. 1:

Identify with reasonable particularity any and all information concerning the manufacture or composition of Suboxone® oral film product that MonoSol contends constitute a trade secret under any applicable law, and that MonoSol contends was disclosed to Par during the period of MonoSol's relationship with Par, and state all facts supporting Monosol's contention that such information is not generally known to, and not readily ascertainable by proper means by, others who can obtain economic value from their disclosure or use.

4

Of Counsel:

Daniel G. Brown
Jennifer R. Saionz
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Emily C. Melvin
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated:  December 18, 2013

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Fineman@rlf.com
Lester@rlf.com

*Attorneys for Defendant Par
Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2013, true and correct copies of the foregoing document were caused to be served on counsel at the following address as indicated:

**VIA HAND DELIVERY**

Mary W. Bourke
Dana Kathryn Severance
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com
dseverance@wcsr.com

                                        _____/s/ Katharine C. Lester_____
                                        Katharine C. Lester (#5629)
                                        lester@rlf.com

RLF1 9712797v.1

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-1461-RGA |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC., INTELGENX TECHNOLOGIES CORP., and LTS LOHMANN THERAPY SYSTEMS CORP., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT PAR PHARMACEUTICAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1)

In accordance with Federal Rule of Civil Procedure 33, Defendant Par Pharmaceutical, Inc. ("Par") requests that Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc., RB Pharmaceuticals Limited, and MonoSol RX, LLC (collectively, "Plaintiffs") respond to the following request for production within thirty (30) days of service. The following Definitions and Instructions apply to this request.

## DEFINITIONS

A.      The term "RBP" collectively refers to Reckitt Benckiser Pharmaceuticals, Inc. and RB Pharmaceuticals Limited, including any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with Reckitt Benckiser Pharmaceuticals, Inc. or RB Pharmaceuticals Limited, as well as all present and former principals, officers, employees, agents, representatives, and consultants of (1) Reckitt Benckiser Pharmaceuticals, Inc.; (2) RB Pharmaceuticals Limited;

(3) any subsidiary, parent, or affiliated corporation or other business entity; or (4) any predecessor or successor company or individual.

      B.      The term "MonoSol" refers to MonoSol RX, LLC, including any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with MonoSol RX, LLC, as well as all present and former principals, officers, employees, agents, representatives, and consultants of (1) MonoSol RX, LLC.; (2) any subsidiary, parent, or affiliated corporation or other business entity; or (3) any predecessor or successor company or individual.

      C.      The term "Plaintiffs" refers to RBP and/or MonoSol.

      D.      The term "identify" refers to:  (a) when used in reference to a person, full name, job title or position, last known business address, last known residence address, last known telephone number, and name of employer or business with whom the person was associated; (b) when used in reference to an organization, the full legal names, the address of its principal place of business, the organization's line of business, and the name of its officers and owners; (c) when used in reference to a document, the title and date of the document, the author(s) (and if different, the signer(s)), the addressee(s), and all persons who received or reviewed the document or copies thereof, its subject matter and summary of its contents, and its present custodian; and (d) when used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication, or event, the date upon which and the place it occurred, the identity of each person who participated therein or was present when it occurred, its substance, and the identity of each document that in whole or in part was the subject of the act or in which it is manifested, referred to, or expressed.

2

E.      The term "concerning" means comprising, relating to, referring to, associated with, describing, explaining, evidencing, or mentioning.

F.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of their scope.

G.      The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of their scope.

## INSTRUCTIONS

A.      Responses to these requests should include all documents and things in any Plaintiff's possession, custody, or control, including all documents and things in the possession, custody, or control of any Plaintiff's attorneys, as well as anyone investigating any matter relating to this lawsuit on Plaintiffs' or their attorneys' behalf.

B.      In the event that documents or things called for by these requests were formerly in any Plaintiff's possession, custody, or control, but are no longer in Plaintiffs' possession, custody, or control, those documents and things should be identified in writing by specifying the following for each such document:  the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the date of loss or destruction; and, if destroyed, the manner of destruction, reason for destruction, the identities of the persons authorizing destruction and persons participating in the destruction.

C.      Documents should be produced in full and in their unexpurgated form.

3

D.      Documents should be produced as they are kept in the usual course of business or otherwise organized and labeled so as to correspond to the requests set forth herein.  Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

E.      Electronically stored information should be produced in the format in which it was stored in the usual course of business, e.g., including the text, metadata, and attachments of e-mail communications, or organized and labeled so as to correspond to the requests set forth herein.  Electronically stored information should be produced complete with any hidden electronic information or metadata.  Electronically stored information stored both with and without meta-data should be considered to be separate documents and produced separately.

F.      All requested documents, things, or electronically stored information stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form should be produced, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.

G.      If any documents or information otherwise responsive to these requests is withheld on a claim of privilege or subject to protection as trial preparation material or work product immunity or other immunity from discovery, each such document should be identified in writing by specifying the following for each such document:  the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; and the date of creation or transmittal.  In addition, for each such document, each Plaintiff should (1) indicate that it claims privilege therefore, (2) state the grounds on which the claim of privilege rests, (3) indicate the

4

position held by the person who prepared the document and the position held by the addressee, (4) describe the subject matter of the document in detail, and (5) identify all other persons, and their positions, who received copies of the document, either at the time of initial distribution or at any subsequent time.  Such information shall be provided in order that Par and the Court may have a suitable basis to determine whether the document is in fact privileged.

H.      If the meaning of any term in these requests is unclear, Plaintiffs should assume a reasonable meaning, state what the assumed meaning is, and product documents on the basis of that assumed meaning.

I.      If an English language version or translation of non-English documents or business records exists, both the non-English documents or business records and the English language version or translation should be produced.

J.      These requests are continuing and in the event that any Plaintiff discovers or receives additional documents that are responsive to these requests, Plaintiffs should immediately produce to Par's counsel all such additional documents.

REQUESTS FOR PRODUCTION

**Production Request No. 1:**

All documents transmitted from MonoSol to Par during the course of Par's relationship with MonoSol that support MonoSol's response to Par's First Set of Interrogatories (No. 1), served December 18, 2013.

5

Of Counsel:

Daniel G. Brown
Jennifer R. Saionz
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Emily C. Melvin
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated:  December 18, 2013

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Fineman@rlf.com
Lester@rlf.com

*Attorneys for Defendant Par
Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2013, true and correct copies of the foregoing

document were caused to be served on counsel at the following address as indicated:

**VIA HAND DELIVERY**

Mary W. Bourke
Dana Kathryn Severance
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
mbourke@wcsr.com
dseverance@wcsr.com


_/s/ Katharine C. Lester_
Katharine C. Lester (#5629)
lester@rlf.com

7

# EXHIBIT C

DANIEL A. LADOW
212.704.6218 telephone
212.704.5929 facsimile
daniel.ladow@troutmansanders.com



**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0700
212.704.6000 telephone
troutmansanders.com

August 2, 2013

**VIA FEDERAL EXPRESS AND E-MAIL**

Jennifer R. Saionz
Daniel G. Brown
Latham & Watkins LLP
885 Third Avenue
New York, NY  10022

Re:    Offer of Confidential Access to Par's ANDA No. 205854

Dear Jennifer and Dan:

Thank you for your letter of July 31, 2013 responding to our letter of July 29, 2013 proposing revisions to Par's Offers of Confidential Access to ANDA No. 205854 (the "ANDA") dated July 8, 2013 (the "OCAs").  Reckitt and MonoSol appreciate Par's agreeing to certain of the changes proposed and would like to continue the dialogue to see if we can come to an agreement about various of the remaining terms in Par's revised offer as set forth in your July 31 letter and the revised OCAs that accompanied it.  To that end, Reckitt and MonoSol jointly propose the following changes to the present provisions in the revised (July 31) OCAs in order to provide access on more reasonable terms.

Revised Provision 2.A.

Accessible information:  We understand Par is considering Reckitt and MonoSol's request for product samples.  Please let us know Par's view on that request.  (The specific request in our July 29 letter was for 200 units of each of Par's finished drug product dosages and 100 grams of actives and all excipients.)

Revised Provision 2.B.

Persons entitled to access:

We wanted to clarify with you that under 2. B. the outside law firm that would be given access would be identified but that you are not requesting the identities of the relevant law firm employees.

TROUTMAN
SANDERS

August 2, 2013
Page 2

With respect to the duration of the bar, it is our understanding that a bar of 2 or 3 years is standard and we view 5 years as unreasonably long; please reconsider our proposal of 3 years.

Our July 29 letter proposed that the bar not apply to post-grant proceedings. Your July 31 letter, whether inadvertently or not, does not address that issue and we think all parties would benefit by clarity on the issue. Therefore, please let us know if Par will agree that the bar will not apply to post-grant proceedings.

We would also like to further discuss the scope of the proposed patent prosecution provision. Our July 29 letter limited the scope to prosecution, specifically claim drafting, relating to Suboxone Film. Your July 31 letter greatly expanded that scope by a) using the phrase "engage in patent prosecution" and b) describing the relevant subject matter as "concerning buprenorphine hydrochloride and/or naloxone hydrochloride." This subject matter descriptor is far overbroad for at least two reasons. First, it is not limited to film formulations which is what is in issue. Second, it is not limited to the indication at issue, namely, treating opioid dependence. Therefore, phrasing the relevant subject matter that way sweeps into the bar a great deal of non-related, irrelevant subject matter. Accordingly, we propose that the patent prosecution work subject to the bar be limited to film formulations containing buprenorphine and naloxone used to treat opioid dependence.

Also, on the scope issue, our July 29 letter proposed limiting the bar to claim drafting during prosecution. We understand that the bar is meant to preclude the use of confidential Par information to influence claim drafting for infringement purposes. But validity issues that arise in prosecution do not raise this claim drafting for infringement issue and therefore should not be swept into the bar. Accordingly, we propose that the bar be limited to claim drafting or amendment during prosecution of patent applications concerning film formulations containing buprenorphine and naloxone used to treat opioid dependence.

Revised Provision 2.C.

As to revised provision 2.C., MonoSol notes that, as Par is aware, under prior agreements MonoSol has provided Par with information relating to its manufacturing practices and know how. As a result, MonoSol needs to be able to consider trade secret issues in addition to patent issues under the OCA and requests that 2.C expressly so provide for purposes of clarity.

Revised Provision 2.D.ii(b)

With regard to this provision, your July 31 letter agrees with our proposal that a protective order entered in the action would supersede the terms of the OCA. We note that it does not appear, however, that this is reflected in the revised OCA. Please include such a clause.

Please let us know Par's thoughts about these proposals at your earliest convenience. Again, if you would like to discuss, please contact me or Timothy Bickham of Steptoe & Johnson (ph: (202) 429-5517).

# TROUTMAN
# SANDERS

August 2, 2013
Page 3


Very truly yours,

Daniel A. Ladow


cc:     Javier Rodriguez, V.P. and General Counsel, Reckitt Benckiser Pharmaceuticals Inc.
        Mark Schobel, Co-President, CEO & CTO, MonoSol Rx, LLC
        Timothy C. Bickham, Steptoe & Johnson LLP

# EXHIBIT D

| | |
|---|---|
| **From:** | Fineman, Steven <Fineman@RLF.com> |
| **Sent:** | Friday, December 13, 2013 5:58 PM |
| **To:** | 'James Hibey' (jhibey@steptoe.com); 'Timothy Bickham' (tbickham@steptoe.com) |
| **Cc:** | Lynch, Jim (SF); Lester, Katharine; Saionz, Jennifer (NY) |
| **Subject:** | Monosol/Par |

Jim and Tim,

Thank you for taking the time to speak with me after the Rule 16 conference today.  Per our discussion, Jim Lynch and I are available most times on Monday and Tuesday to discuss the trade secret issue we discussed today.  Is there a convenient time to talk on Monday or Tuesday (even if it is late in the evening).  Thanks.

Best Regards,

Steve

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.
The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

# EXHIBIT E

| | |
|---|---|
| **From:** | Bickham, Timothy <tbickham@steptoe.com> |
| **Sent:** | Tuesday, December 17, 2013 6:20 PM |
| **To:** | Fineman, Steven; Lynch, Jim (SF); Hibey, James |
| **Cc:** | Lester, Katharine; Saionz, Jennifer (NY); 'Bourke, Mary' (MBourke@wcsr.com); Ladow, Daniel A. (Daniel.Ladow@troutmansanders.com) |
| **Subject:** | RE: Monosol/Par |

Steve,

Yes, that works fine.  Here is a conference line that we can use:

US Toll free:  1-877-211-3621
US Toll:  1-719-325-2765

Participant Passcode:  982 660 5672

Tim


**Timothy C. Bickham**
Partner
tbickham@steptoe.com

## Steptoe

| | |
|---|---|
| +1 202 429 5517 direct | Steptoe & Johnson LLP |
| +1 202 468 9175 mobile | 1330 Connecticut Avenue, NW |
| +1 202 429 3902 fax | Washington, DC 20036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Fineman, Steven [mailto:Fineman@RLF.com]
**Sent:** Tuesday, December 17, 2013 1:47 PM
**To:** Bickham, Timothy; 'JIM.LYNCH@LW.com'; Hibey, James
**Cc:** Lester, Katharine; 'Jennifer.Saionz@lw.com'
**Subject:** RE: Monosol/Par

Tim,

Would it be possible to schedule the call for 30 minutes later – 12:00 Eastern on Wednesday?  Jim and I are both available.

Best Regards,

Steve

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.
The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

**From:** Bickham, Timothy [mailto:tbickham@steptoe.com]
**Sent:** Monday, December 16, 2013 9:11 PM
**To:** Fineman, Steven; 'JIM.LYNCH@LW.com'; Hibey, James
**Cc:** Lester, Katharine; 'Jennifer.Saionz@lw.com'
**Subject:** RE: Monosol/Par

I apologize, but I made a mistake on the calendar.  Jim and I are available Wednesday at 11:30 Eastern (not Tuesday).  Hopefully that works for you.

Tim

**Timothy C. Bickham**
Partner
tbickham@steptoe.com

## Steptoe

+1 202 429 5517 direct      Steptoe & Johnson LLP
+1 202 468 9175 mobile    1330 Connecticut Avenue, NW
+1 202 429 3902 fax        Washington, DC 20036
                           www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Bickham, Timothy
**Sent:** Monday, December 16, 2013 3:29 PM
**To:** 'Fineman@RLF.com'; 'JIM.LYNCH@LW.com'; Hibey, James
**Cc:** 'Lester@rlf.com'; 'Jennifer.Saionz@lw.com'
**Subject:** Re: Monosol/Par

Ok, I will circulate a dial-in number for us to use.

Tim
-------------------------
Timothy C. Bickham
Steptoe & Johnson LLP
(202) 429-5517

**From**: Fineman, Steven [mailto:Fineman@RLF.com]
**Sent**: Monday, December 16, 2013 01:24 PM US Mountain Standard Time
**To**: JIM.LYNCH@LW.com <JIM.LYNCH@LW.com>; Bickham, Timothy; Hibey, James
**Cc**: Lester, Katharine <Lester@rlf.com>; Jennifer.Saionz@lw.com <Jennifer.Saionz@lw.com>
**Subject**: RE: Monosol/Par

That is correct.  I am available as well.

Best Regards,

Steve

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.
The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

**From**: JIM.LYNCH@LW.com [mailto:JIM.LYNCH@LW.com]
**Sent**: Monday, December 16, 2013 3:23 PM
**To**: tbickham@steptoe.com; Fineman, Steven; jhibey@steptoe.com
**Cc**: Lester, Katharine; Jennifer.Saionz@lw.com
**Subject**: RE: Monosol/Par

I think this works for both Steve and me.

**From**: Bickham, Timothy [mailto:tbickham@steptoe.com]
**Sent**: Monday, December 16, 2013 12:13 PM
**To**: 'Fineman@RLF.com'; Hibey, James
**Cc**: Lynch, Jim (SF); 'Lester@rlf.com'; Saionz, Jennifer (NY)
**Subject**: Re: Monosol/Par

Steve,

How about 11:30am Eastern tomorrow (Tuesday)?

Tim

---------------------------
Timothy C. Bickham
Steptoe & Johnson LLP
(202) 429-5517

**From**: Fineman, Steven [mailto:Fineman@RLF.com]
**Sent**: Friday, December 13, 2013 03:57 PM US Mountain Standard Time
**To**: Hibey, James; Bickham, Timothy
**Cc**: JIM.LYNCH@LW.com <JIM.LYNCH@LW.com>; Lester, Katharine <Lester@rlf.com>; Jennifer.Saionz@lw.com

3

<Jennifer.Saionz@lw.com>
**Subject**: Monosol/Par

Jim and Tim,

Thank you for taking the time to speak with me after the Rule 16 conference today.  Per our discussion, Jim Lynch and I are available most times on Monday and Tuesday to discuss the trade secret issue we discussed today.  Is there a convenient time to talk on Monday or Tuesday (even if it is late in the evening).  Thanks.

Best Regards,

Steve

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.
The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 13-1461-RGA |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC., INTELGENX TECHNOLOGIES CORP., and LTS LOHMANN THERAPY SYSTEMS CORP., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF MONOSOL RX, LLC'S RESPONSE AND OBJECTIONS TO DEFENDANT
PAR PHARMACEUTICAL, INC.'S FIRST SET OF INTERROGATORIES (NO. 1)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff MonoSol Rx, LLC ("MonoSol") hereby objects and responds to Defendant Par Pharmaceutical, Inc.'s ("Par") First Set of Interrogatories (No. 1) ("First Interrogatories").[1]

The following objections and responses reflect MonoSol's present knowledge, information, and belief, may be subject to change or modification, and are given without prejudice to MonoSol's right to provide amended responses. Discovery is at its beginning stages and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation, and analysis may lead to the discovery of additional documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations

---

[1] Reckitt Benckiser Pharmaceuticals, Inc. and RB Pharmaceuticals Limited are not responding to Defendant Par Pharmaceutical, Inc.'s First Set of Interrogatories (No. 1) because it is specifically directed to MonoSol.

1

from the information herein set forth.  MonoSol accordingly reserves the right to change or amend its responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made.

## **GENERAL OBJECTIONS**

1.     MonoSol objects to the First Interrogatories, including, but not limited to, the instructions and definitions contained therein, to the extent they impose on MonoSol obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, or other applicable law.

2.     MonoSol objects to the First Interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, disclose mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of MonoSol, contain privileged attorney-client communications or are otherwise protected from disclosure by other applicable privileges, laws, or rules.

3.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MonoSol objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Par as it is for MonoSol.

4.     MonoSol objects to the First Interrogatories to the extent they are overbroad, unduly burdensome, or oppressive.  MonoSol objects to the First Interrogatories as being unduly burdensome to the extent they require MonoSol to provide any information beyond what MonoSol is able to locate from a reasonable search of its files or to the extent the request calls for information that should be obtained more conveniently through another means.

2

5.      MonoSol objects to the First Interrogatories to the extent they seek information created after the filing of the original complaint.

6.      MonoSol objects to the First Interrogatories to the extent they are not confined to a relevant time period because they are overbroad, unduly burdensome and oppressive, and seek information that is irrelevant, immaterial, or not otherwise reasonably calculated to lead to the discovery of admissible evidence.

7.      MonoSol objects to the First Interrogatories to the extent they seek information already publicly available, already in Par's possession, custody or control, or already provided to, or more easily obtainable, by Par.

8.      MonoSol objects to the First Interrogatories to the extent they assume disputed facts or legal conclusions in the definitions or interrogatories.  Any information produced by MonoSol with respect to any such request is made without prejudice to this objection and shall not constitute agreement with or waiver of any objection to such disputed facts or legal conclusions.

9.      MonoSol's responses are not intended to waive or prejudice any objections MonoSol has raised or may assert now or in the future, including, without limitation, MonoSol's objections as to the admissibility at trial of any response or document or category of responses or documents.

10.      MonoSol objects to the Instructions in the First Interrogatories on the grounds and to the extent they are inconsistent with the Federal Rules of Civil Procedure, unduly burdensome, oppressive, duplicative, or cumulative.

11. MonoSol objects to the First Interrogatories to the extent that they seek information that is the subject of confidentiality and/or nondisclosure obligations MonoSol has undertaken with respect to any third party.

12. MonoSol objects to Definition B (defining "MonoSol") and Definition C (defining "Plaintiffs") as overly broad and to the extent that it purports to impose obligations on MonoSol beyond those permitted by the Federal Rules by requiring MonoSol to disclose information that that is outside the possession, custody, or control of MonoSol. In responding to the interrogatories, MonoSol shall provide information as it pertains to MonoSol Rx, LLC.

13. MonoSol objects to the term "document(s)" as used in the Definitions to the extent that it seeks to define the term "document(s)" more broadly than the meaning accorded that term by Rule 34(a) of the Federal Rules of Civil Procedure.

14. MonoSol's General Objections shall be deemed to continue throughout each of the responses to the specific interrogatories that follow, even where not explicitly referenced therein.

15. To the extent MonoSol states that relevant, responsive documents will be produced in response to the First Interrogatories, such statement should not be construed as a representation that such documents or information exist, or that they are relevant to any claim or defense in this case.

16. Identification or production of documents or information responsive to any discovery request should not be construed as:

   a. an admission or stipulation that the documents or their content or subject matter are properly discoverable or relevant;

b.      a waiver by MonoSol of its General Objections or of the specific objections asserted in response to a specific request; or

c.      an agreement that requests for similar information will be treated in a similar manner.

17.      MonoSol incorporates by reference the general objections set forth above in the specific objections set forth below.  MonoSol may repeat a general objection for emphasis or some other reason.  The failure to repeat any general objection does not waive any general objection to the request.  MonoSol does not waive its right to amend its objections and responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving any of the foregoing General Objections, MonoSol responds to the First Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify with reasonable particularity any and all information concerning the manufacture or composition of Suboxone® oral film product that MonoSol contends constitutes a trade secret under any applicable law, and that MonoSol contends was disclosed to Par during the period of MonoSol's relationship with Par, and state all facts supporting MonoSol's contention that such information is not generally known to, and not readily ascertainable by proper means by, others who can obtain economic value from their disclosure or use.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, MonoSol objects to this interrogatory as being overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks MonoSol to identify "any and all information" disclosed

by MonoSol to Par that may constitute a trade secret "under any applicable law." MonoSol further objects to this interrogatory in that it seeks the identification and disclosure of information that is already in Par's possession.

MonoSol further objects to the extent this interrogatory seeks information that constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of MonoSol, contains privileged attorney-client communications or is otherwise protected from disclosure by other applicable privileges, laws, or rules. MonoSol further objects to this interrogatory to the extent that it seeks a legal conclusion and/or presents a question of law.

MonoSol further objects to this interrogatory as premature as a contention interrogatory, and that it may more appropriately be the subject of expert discovery. MonoSol further objects to this interrogatory as premature as it seeks information underlying MonoSol's contentions prior to Par's production of its core technical documents. MonoSol may also produce documents responsive to this interrogatory in accordance with Rule 33(d) and the schedule set forth in the Coordinated Scheduling Order and, following Par's production of its core technical documents, and will supplement its response to this interrogatory if warranted.

MonoSol objects to this interrogatory as an improper attempt by Par to shift the burden of proof on Par's counterclaim whereby Par seeks a declaratory judgment that it has not misappropriated trade secrets from MonoSol. MonoSol has neither accused Par of misappropriating its trade secrets, nor has it threatened to assert a trade secrets claim against Par.

Subject to the foregoing objections, MonoSol answers as follows: MonoSol did not consult with Par regarding the formulation of Par's proposed generic Suboxone® product. Prior to the commencement of this litigation, MonoSol and Par did engage in multiple projects to

develop pharmaceutical products.   During the course of these projects, MonoSol disclosed thousands of pages of formulation and manufacturing documents to Par and its representatives. Par's representatives made multiple visits to MonoSol's offices and manufacturing facilities.  Par also had access to MonoSol's scientists and technicians.   Throughout the course of the joint projects, Par's representatives had regular access to MonoSol's proprietary information.

For example, in 2008, MonoSol and Par entered into a License, Development and Supply Agreement for the purpose of developing orally dissolving thin film strips containing the active ingredient Ondansetron (the "Ondansetron Project").  During the Ondansetron Project, MonoSol disclosed voluminous amounts of confidential and proprietary information to Par.   The Ondansetron Project culminated in the preparation of New Drug Application No. 022524.

MonoSol notes that its investigation into this response is ongoing and MonoSol reserves the right to supplement, modify, or otherwise change its response as it develops additional information.

Dated: January 17, 2014

Respectfully submitted,

_/s/ Mary W. Bourke_____

OF COUNSEL:

Mary W. Bourke (#2356)
Dana K. Severance (#4869)

James F. Hibey
Timothy C. Bickham
Houda Morad
Stephanie L. Schonewald
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, DC 20036-1564
Telephone: 202-429-3000
Fax: 202-429-3902
jhibey@steptoe.com
tbickham@steptoe.com
hmorad@steptoe.com
sschonew@steptoe.com

WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (Fax)
mbourke@wcsr.com
dseverance@wcsr.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

*Attorneys for Plaintiff MonoSol Rx, LLC*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the following counsel are being served with a copy

of this document by electronic mail and/or overnight mail on this 17th day of January 2014.

Daniel G. Brown
Jennifer R. Saionz
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212)906-1200

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Fineman@rlf.com
Lester@rlf.com

*Attorneys for Defendants Par Pharmaceutical,*
*Inc. and IntelGenx Technologies Corp.*

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-5929 (Fax)
daniel.ladow@troutmansanders.com
james.bollinger@troutmansanders.com

Troy S. Kleckley
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900
troy.kleckley@troutmansanders.com

*Attorneys for Reckitt Benckiser Pharmaceuticals,*
*Inc. and RB Pharmaceuticals Limited*

/s/ *Mary W. Bourke*

31857817

10

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>                    Plaintiffs,<br>   v.<br><br>PAR PHARMACEUTICAL, INC., INTELGENX TECHNOLOGIES CORP., and LTS LOHMANN THERAPY SYSTEMS CORP.,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civ. No. 13-1461-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF MONOSOL RX, LLC'S RESPONSE AND OBJECTIONS
TO DEFENDANT PAR PHARMACEUTICAL, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1)**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff MonoSol Rx, LLC ("MonoSol") hereby objects and responds to Defendant Par Pharmaceutical, Inc.'s ("Par") First Set of Requests for Production (No. 1).[1]

**GENERAL OBJECTIONS**

1.     MonoSol objects to each request, definition and instruction herein to the extent it seeks to impose obligations and duties upon MonoSol greater or different than those requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of Civil Practice and Procedure for the United States District Court for the District of Delaware ("Delaware Local Rules").

2.     MonoSol objects to each request to the extent it seeks to elicit information that is

---

[1] Reckitt Benckiser Pharmaceuticals, Inc. and RB Pharmaceuticals Limited are not responding to this Request for Production because it is specifically directed to MonoSol.

subject to and protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, or any other privilege or immunity recognized by statute or case law.

3.      MonoSol objects to Instruction G to the extent it imposes requirements for privilege logs that are different than agreed to by the parties, and to the extent it imposes obligations and duties upon MonoSol greater or different than those requirements mandated by the Federal Rules of Civil Procedure, the Delaware Local Rules, or the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Discovery Standard").

4.      MonoSol  objects to Par's requests to the extent they seek confidential or proprietary information pertaining to MonoSol's business, technology and/or economic relationships, and/or would require MonoSol to breach an obligation of confidentiality to a third party.  MonoSol will only produce or provide such responsive information, if any should exist, pursuant to the Protective Order, and/or when the parties agree that such information shall be disclosed only as permitted by Delaware Local Rules, and upon receipt of permission from third parties, if necessary.

5.      MonoSol objects to Par's requests to the extent the requests are vague, ambiguous or subject to varying interpretations.  MonoSol objects to Par's requests to the extent the requests fail to describe the information sought with reasonable particularity, and unreasonably require MonoSol to speculate as to the nature and scope of the information sought.

6.      MonoSol objects to Definition B (defining "MonoSol") and Definition C (defining "Plaintiffs") as overly broad and to the extent that it purports to impose obligations on MonoSol beyond those permitted by the Federal Rules by requiring MonoSol to disclose

information that that is outside the possession, custody, or control of MonoSol. In responding to the interrogatories, MonoSol shall provide information as it pertains to MonoSol Rx, LLC.

7.      MonoSol objects to each request to the extent that it seeks to cover "all" information that refers or relates to a particular subject on the grounds of over breadth and undue burden.

8.      MonoSol objects to each instruction and request to the extent it imposes requirements regarding the format of electronically produced documents that are different than agreed to by the parties, and to the extent it imposes obligations and duties upon MonoSol greater or different than those requirements mandated by the Federal Rules of Civil Procedure, the Delaware Local Rules, or the Default Discovery Standard.

9.      MonoSol objects to each request on the grounds that it seeks information already in the possession of Par, publicly available, or as readily available to Par as it is to MonoSol.

10.     MonoSol objects to Par's requests, definitions, and instructions to the extent they seek information that is unreasonably cumulative or duplicative of other discovery requests or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

11.     MonoSol's response to each discovery request is hereby made without waiver of, and with the intentional preservation of:

        (a)     all questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(b) the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(c) the right to object at any time for any further response to this or any other request for information or production of documents including all objections as to burdensomeness, vagueness, overbreadth and ambiguity;

(d) the right to object on any ground to any further requests involving or relating to any of the paragraphs in these discovery requests; and

(e) the right at any time to revise, correct, supplement or clarify the responses and objections propounded herein.

12. Identification or production of documents or information responsive to any discovery request should not be construed as:

(a) an admission or stipulation that the documents or their content or subject matter are properly discoverable or relevant;

(b) a waiver by MonoSol of its General Objections or of the specific objections asserted in response to a specific request; or

(c) an agreement that requests for similar information will be treated in a similar manner.

13. MonoSol incorporates by reference the General Objections set forth above in the specific objections set forth below. MonoSol may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection does not waive any General Objection to the topic and/or request. MonoSol reserves its right to amend its General Objections or any specific objection

4

14.     The following responses are based on discovery available as of the date of this response, and are given without prejudice to MonoSol's right to produce or rely on subsequently discovered information, facts or documents. It is anticipated that further discovery, independent investigation, and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.   MonoSol accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made.

## SPECIFIC OBJECTIONS AND RESPONSES

### PRODUCTION REQUEST NO. 1:

All documents transmitted from MonoSol to Par during the course of Par's relationship with MonoSol that support MonoSol's response to Par's First Set of Interrogatories (No. 1), served December 18, 2013.

### RESPONSE TO PRODUCTION REQUEST NO. 1:

In addition to its General Objections, MonoSol objects to this request as being overbroad, vague, and unduly burdensome to the extent it asks MonoSol to produce "all documents" transmitted by MonoSol to Par.  MonoSol also incorporates by reference its response to Par's Interrogatory No. 1.  Subject to the foregoing objections, MonoSol answers as follows:  As made clear from the language of the Request, the information sought has already been transmitted to Par and is, therefore, already in Par's possession.

MonoSol notes that its investigation into this response is ongoing and MonoSol reserves the right to supplement, modify, or otherwise change its response as it develops additional information.

Dated: January 17, 2014                                    Respectfully submitted,


                                                          _/s/ Mary W. Bourke_____
OF COUNSEL:                                               Mary W. Bourke (#2356)
                                                          Dana K. Severance (#4869)
James F. Hibey                                            WOMBLE CARLYLE SANDRIDGE & RICE, LLP
Timothy C. Bickham                                        222 Delaware Avenue, Suite 1501
Houda Morad                                               Wilmington, DE 19801
Stephanie L. Schonewald                                   (302) 252-4320
STEPTOE & JOHNSON LLP                                     (302) 252-4330 (Fax)
1330 Connecticut Ave. N.W.                                mbourke@wcsr.com
Washington, DC 20036-1564                                 dseverance@wcsr.com
Telephone: 202-429-3000
Fax: 202-429-3902                                         *Attorneys for Plaintiff MonoSol Rx, LLC*
jhibey@steptoe.com
tbickham@steptoe.com
hmorad@steptoe.com
sschonew@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following counsel are being served with a copy

of PLAINTIFF MONOSOL RX, LLC'S RESPONSE AND OBJECTIONS TO DEFENDANT

PAR PHARMACEUTICAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1)

by electronic mail and/or overnight mail on this 17th day of January 2014.

Daniel G. Brown
Jennifer R. Saionz
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212)906-1200

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Fineman@rlf.com
Lester@rlf.com

*Attorneys for Defendants Par Pharmaceutical,
Inc. and IntelGenx Technologies Corp.*

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-5929 (Fax)
daniel.ladow@troutmansanders.com
james.bollinger@troutmansanders.com

Troy S. Kleckley
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900
troy.kleckley@troutmansanders.com

*Attorneys for Reckitt Benckiser Pharmaceuticals,
Inc. and RB Pharmaceuticals Limited*

/s/ Mary W. Bourke

31857830

# EXHIBIT H

| | |
|---|---|
| **From:** | Saionz, Jennifer (NY) |
| **Sent:** | Saturday, January 18, 2014 10:08 AM |
| **To:** | tbickham@steptoe.com; jhibey@steptoe.com; hmorad@steptoe.com; sschonew@steptoe.com; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; Bollinger, James Moore (James.Bollinger@troutmansanders.com); timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; Thomas, Donna (DThomas@wcsr.com) |
| **Cc:** | Lynch, Jim (SF); Brown, Daniel (NY); Fineman, Steven; Melvin, Emily (CH); Lester, Katharine |
| **Subject:** | RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA |

Tim,

We write regarding MonoSol's Objections and Responses to Par's Interrogatory No. 1 and Par's Request for Production No. 1. MonoSol's responses fail to identify with the requisite particularity any MonoSol information shared with Par that constitutes a trade secret. If MonoSol owns intellectual property that satisfies the well-settled standard for establishing a trade secret, and that information was communicated to or in some other way made available to Par, MonoSol should be able to identify such alleged trade secrets. Stating that "thousands" of pages of documents were disclosed to Par during the course of a prior business, that additional documents may be produced, and that expert testimony may be required to identify trade secrets, does not satisfy MonoSol's discovery obligation. MonoSol has taken the position that it is not required to identify its alleged trade secrets in advance of Par's disclosure of its confidential information because the trade secret issue was introduced into this case via Par's declaratory judgment counterclaim. However, by way of Par's counterclaim, the trade secret claim is part of the case and, accordingly, MonoSol is required to fully respond to the discovery requests.  In a trade secret dispute, the trade secret owner is required to identify its alleged trade secrets in advance of obtaining discovery of its opponent's confidential information. *See, e.g., Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions, U.S.A., Inc.*, 2009 U.S. Dist. LEXIS 116372, *11-12 (W.D.N.C. Nov. 25, 2009); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991).

The parties met and conferred on these issues on December 18, 2013. Par is available to meet and confer again on this issue on Sunday and Monday, or early on Tuesday morning. Par intends to contact the Court on Tuesday, January 21, pursuant to the procedures outlined in paragraph 3.f of the Scheduling Order (D.I. 33), to seek a hearing date from the Court.  Through this proceeding, Par will ask the Court to compel MonoSol to provide a complete response to the outstanding discovery requests before Par is required to produce its ANDA and other confidential information to MonoSol.

Sincerely,
Jennifer


**Jennifer R. Saionz**

**LATHAM & WATKINS** LLP
885 Third Avenue
New York, NY 10022-4834
Direct Dial: +1.212.906.4620
Fax: +1.212.751.4864
Email: jennifer.saionz@lw.com
http://www.lw.com

# EXHIBIT I

| | |
|---|---|
| **From:** | Saionz, Jennifer (NY) |
| **Sent:** | Tuesday, January 21, 2014 1:38 PM |
| **To:** | Bickham, Timothy; Hibey, James; Morad, Houda; Schonewald, Stephanie; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; James.Bollinger@troutmansanders.com; timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; DThomas@wcsr.com |
| **Cc:** | Lynch, Jim (SF); Brown, Daniel (NY); Fineman@RLF.com; Melvin, Emily (CH); Lester@rlf.com |
| **Subject:** | RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA |

Tim,

While Par would prefer to meet and confer regarding this issue today in order to promptly attempt to resolve the dispute, if Plaintiffs are absolutely unavailable do so, we are available tomorrow at 1:30 pm ET.

Steve and Kate will coordinate with Mary or Daniel in calling the Court.

Best regards,
Jennifer

---

**From:** Bickham, Timothy [mailto:tbickham@steptoe.com]
**Sent:** Tuesday, January 21, 2014 12:14 PM
**To:** Saionz, Jennifer (NY); Hibey, James; Morad, Houda; Schonewald, Stephanie; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; James.Bollinger@troutmansanders.com; timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; DThomas@wcsr.com
**Cc:** Lynch, Jim (SF); Brown, Daniel (NY); Fineman@RLF.com; Melvin, Emily (CH); Lester@rlf.com
**Subject:** RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA

Jennifer,

Are you available tomorrow around 1:30pm?  Plaintiffs are not available today.  If Par wants to call the court this afternoon (and we understand that the court is closed), we would like Kate to coordinate with Mary or Daniel so that they can join.

Regards,
Tim

Timothy C. Bickham
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795 USA

(tel) 202.429.5517
(fax) 202.429.3902

1

**From:** Jennifer.Saionz@lw.com [mailto:Jennifer.Saionz@lw.com]
**Sent:** Tuesday, January 21, 2014 9:52 AM
**To:** Bickham, Timothy; Hibey, James; Morad, Houda; Schonewald, Stephanie; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; James.Bollinger@troutmansanders.com; timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; DThomas@wcsr.com
**Cc:** JIM.LYNCH@LW.com; Daniel.Brown@lw.com; Fineman@RLF.com; Emily.Melvin@lw.com; Lester@rlf.com
**Subject:** RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA

Tim,

Par is available all day.  Please pick a time when plaintiffs are available and let us know.

Best regards,
Jennifer

---

**From:** Bickham, Timothy [mailto:tbickham@steptoe.com]
**Sent:** Tuesday, January 21, 2014 7:23 AM
**To:** Saionz, Jennifer (NY); Hibey, James; Morad, Houda; Schonewald, Stephanie; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; James.Bollinger@troutmansanders.com; timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; DThomas@wcsr.com
**Cc:** Lynch, Jim (SF); Brown, Daniel (NY); Fineman@RLF.com; Melvin, Emily (CH); Lester@rlf.com
**Subject:** RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA

Jennifer,

We were not able to meet and confer over the holiday weekend.  I am checking on plaintiffs' availability and will let you know.

Regards,
Tim

**Timothy C. Bickham**
Partner
tbickham@steptoe.com

## Steptoe

+1 202 429 5517 direct      Steptoe & Johnson LLP
+1 202 468 9175 mobile      1330 Connecticut Avenue, NW
+1 202 429 3902 fax          Washington, DC 20036
                              www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Jennifer.Saionz@lw.com [mailto:Jennifer.Saionz@lw.com]
**Sent:** Saturday, January 18, 2014 10:08 AM
**To:** Bickham, Timothy; Hibey, James; Morad, Houda; Schonewald, Stephanie; mbourke@wcsr.com; dseverance@wcsr.com; daniel.ladow@troutmansanders.com; James.Bollinger@troutmansanders.com; timothy.heaton@troutmansanders.com; troy.kleckley@troutmansanders.com; DThomas@wcsr.com
**Cc:** JIM.LYNCH@LW.com; Daniel.Brown@lw.com; Fineman@RLF.com; Emily.Melvin@lw.com; Lester@rlf.com
**Subject:** RE: Reckitt Benckiser Pharmaceuticals et al v. Par Pharmaceutical, Inc. et al., C.A. No. 13-1461-RGA

Tim,

We write regarding MonoSol's Objections and Responses to Par's Interrogatory No. 1 and Par's Request for Production No. 1. MonoSol's responses fail to identify with the requisite particularity any MonoSol information shared with Par that constitutes a trade secret. If MonoSol owns intellectual property that satisfies the well-settled standard for establishing a trade secret, and that information was communicated to or in some other way made available to Par, MonoSol should be able to identify such alleged trade secrets. Stating that "thousands" of pages of documents were disclosed to Par during the course of a prior business, that additional documents may be produced, and that expert testimony may be required to identify trade secrets, does not satisfy MonoSol's discovery obligation. MonoSol has taken the position that it is not required to identify its alleged trade secrets in advance of Par's disclosure of its confidential information because the trade secret issue was introduced into this case via Par's declaratory judgment counterclaim. However, by way of Par's counterclaim, the trade secret claim is part of the case and, accordingly, MonoSol is required to fully respond to the discovery requests. In a trade secret dispute, the trade secret owner is required to identify its alleged trade secrets in advance of obtaining discovery of its opponent's confidential information. *See, e.g., Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions, U.S.A., Inc.,* 2009 U.S. Dist. LEXIS 116372, *11-12 (W.D.N.C. Nov. 25, 2009); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 755 F. Supp. 635, 637 (D. Del. 1991).

The parties met and conferred on these issues on December 18, 2013. Par is available to meet and confer again on this issue on Sunday and Monday, or early on Tuesday morning. Par intends to contact the Court on Tuesday, January 21, pursuant to the procedures outlined in paragraph 3.f of the Scheduling Order (D.I. 33), to seek a hearing date from the Court. Through this proceeding, Par will ask the Court to compel MonoSol to provide a complete response to the outstanding discovery requests before Par is required to produce its ANDA and other confidential information to MonoSol.

Sincerely,
Jennifer

**Jennifer R. Saionz**

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
Direct Dial: +1.212.906.4620
Fax: +1.212.751.4864
Email: jennifer.saionz@lw.com
http://www.lw.com

---

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

**EXHIBIT J**

Jennifer R. Saionz
Direct Dial: 212-906-4620
Jennifer.Saionz@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

August 13, 2013

**VIA EMAIL**

Daniel A. Ladow
Troutman Sanders LLP
405 Lexington Ave
New York, New York 10174

Timothy C. Bickham
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

Re:   Offers of Confidential Access to Par's ANDA No. 205854

Dear Dan and Timothy:

We write in response to Dan Ladow's letter of August 2, 2013.

Par is still considering Reckitt and MonoSol's request for product samples.

We confirm that under Paragraph 2.B of the Offer, the outside law firm to be given access is to be identified, but we do not request the identities of all employees of that law firm who are to be given access.

Although Par is under no obligation to do so, we have considered your request with respect to the duration of the bar relating to persons engaging in patent prosecution and agree to limit the bar to 3 years.

Par does not agree to exclude from the bar individuals with participation in post-grant proceedings. Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III): "The document providing the offer of confidential access shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." As such, Par is expressly permitted by statute to restrict access to its ANDA. Claim scope can be modified during post-grant proceedings and thus inclusion of such proceedings would defeat the purpose of the bar.

Although Par is under no obligation to do so, we have considered your request with respect to the scope of the bar and agree to limit the scope to film formulations. Par does not,

Daniel A. Ladow / Timothy C. Bickham
August 13, 2013
Page 2

**LATHAM&WATKINS**LLP

however, agree to limit the scope to the indication of treating opioid dependence. The patents
which are the subject of Par's Paragraph IV Certification are not limited by indication. Further,
new indications are routinely applied for and granted. Accordingly, adding a limitation as to
indication would defeat the purpose of the bar.

Par does not agree to limit the bar to claim drafting during prosecution. One cannot
separate "validity issues that arise in prosecution" from claim drafting or claim amendment
during prosecution. These issues are inextricably linked.

We note that MonoSol's proposal to add evaluation for trade secret issues relating to a
prior agreement between MonoSol and Par was newly added in Dan Ladow's August 2, 2013
letter. Par disagrees that MonoSol has any basis for claims of trade secret misappropriation or
breach of any agreement between Par and MonoSol. Although Par is under no obligation to do
so, Par has considered MonoSol's request. MonoSol's request is inconsistent with the statute
pursuant to which Par provides its Offer: "Any person provided an offer of confidential access
shall review the application for the sole and limited purpose of evaluating possible infringement
of the patent that is the subject of the [Paragraph IV certification] and for no other purpose[.]"
21 U.S.C. § 355(j)(5)(C)(i)(III). However, in the interest of expediting the determination of all
potential disputes between the parties, Par is willing to make the following compromises.

Par will permit the evaluation of its ANDA by representatives of MonoSol for the
purposes of evaluating trade secret and contractual confidentiality issues; provided, however,
that MonoSol first identify with reasonable particularity the matter(s) it alleges constitutes a
trade secret, and provided further that no individual who has access to Par's ANDA can have
involvement in issues related to any alleged MonoSol trade secret until MonoSol makes such
identification. Par believes this restriction is reasonable in view of legal restrictions on asserted
trade secret claims. A party alleging trade secret misappropriation "will normally be required
first to identify with reasonable particularity the matter which it claims constitutes a trade secret,
before it will be allowed (given a proper showing of need) to compel discovery of its adversary's
trade secrets." *Automed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001).

Enclosed are executed modified Offers of Confidential Access. Please indicate Reckitt
and MonoSol's acceptance of any of Par's July 8, 2013 Offer, July 31, 2013 Offer or the
enclosed modified Offer by countersigning and returning a copy to us. We can then provide you
with access to Par's ANDA, which is ready for immediate inspection.

Please do not hesitate to contact me if you would like to discuss any of the above.

Very truly yours,

Jennifer R. Saionz
of LATHAM & WATKINS LLP

# EXHIBIT K

DANIEL A. LADOW
212.704.6218 telephone
212.704.5929 facsimile
daniel.ladow@troutmansanders.com


**TROUTMAN
SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0700
212.704.6000 telephone
troutmansanders.com

August 16, 2013

**VIA FEDERAL EXPRESS AND E-MAIL**

Jennifer R. Saionz
Daniel G. Brown
Latham & Watkins LLP
885 Third Avenue
New York, NY  10022

> **Re:    Offer of Confidential Access to Par's ANDA No. 205854**

Dear Jennifer and Dan:

This responds to your letter of August 13, 2013 responding to our letter of August 2, 2013 proposing revisions to Par's Offers of Confidential Access to ANDA No. 205854 (the "ANDA") dated July 8, 2013 (the "OCAs"). Reckitt and MonoSol appreciate Par's agreeing to certain of the changes proposed. However, we ask that you reconsider the various issues and proposals set forth in our August 2 letter on the topics as to which there is no agreement thus far which we feel are necessary for us to conduct a reasonable review of the ANDA. For example, there is a binary issue as to whether the proposed prosecution bar will bar litigation counsel from being involved in a post-grant proceeding, such as an *inter partes* review. Reckitt and MonoSol are of the view there should be no such bar, see *e.g.*, *Prolitec Inc. v. ScentAir Tech, Inc.*, 2013 U.S. Dist. LEXIS 70057 **12-13, but Par is of the opposite view, and there are a number of other issues.

Therefore, subject to Par reconsidering at least some of the issues and proposals we have previously set forth it appears to us that the parties have been and are unable to reach an agreement on the terms of an OCA. If Par does wish to reconsider those positions, please let Tim (Timothy Bickham of Steptoe & Johnson (ph: (202) 429-5517)) or me know.

Very truly yours,

Daniel A. Ladow

ATLANTA   BEIJING   CHICAGO   HONG KONG   NEW YORK   NORFOLK   ORANGE COUNTY   PORTLAND
RALEIGH   RICHMOND   SAN DIEGO   SHANGHAI   TYSONS CORNER   VIRGINIA BEACH   WASHINGTON, DC

SANDERS

August 16, 2013
Page 2


      cc:    Javier Rodriguez, V.P. and General Counsel, Reckitt Benckiser Pharmaceuticals Inc.
              Mark Schobel, Co-President, CEO & CTO, MonoSol Rx, LLC
              Timothy C. Bickham, Steptoe & Johnson LLP