

WOMBLE
CARLYLE
SANDRIDGE
& RICE

A LIMITED LIABILITY
PARTNERSHIP

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Telephone: (302) 252-4320
Fax: (302) 252-4330
www.wcsr.com

Mary W. Bourke
Partner
Direct Dial: 302-252-4333
Direct Fax: 302-661-7733
E-mail: MBourke@wcsr.com

January 29, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Reckitt Benckiser, et al. v. Par Pharmaceutical, Inc. et al.*, C.A. No. 13-1461-RGA

Dear Judge Andrews,

Pursuant to Paragraph 3(f) of the Scheduling Order (D.I. 33), Plaintiff MonoSol Rx ("MonoSol") requests that the Court issue an Order compelling Defendant Par Pharmaceutical, Inc. ("Par") to produce its Core Technical Documents, as required by the Scheduling Order (D.I. 33.) The deadline for production of the Core Technical Documents was January 21, 2014. Par refused to produce its complete ANDA to MonoSol and failed to seek relief from its obligation. Just six weeks after the Court entered the agreed Scheduling Order, Par has unilaterally derailed the litigation from its tracks. Par should now be ordered to produce its unredacted Core Technical Documents to MonoSol immediately.

**I.     Par Did Not Comply With The Agreed Scheduling Order**

Par's action brings the patent issues to a full stop. MonoSol cannot prosecute its claim without the full disclosure of Par's Core Technical Documents. On December 13, the Court devoted ninety (90) minutes to a Rule 16 scheduling conference in the three related cases.[1] During that discussion, the importance of Par's compliance with the sequential contention dates to avoid delay in the case was raised. (Ex. A [D.I. 29] at 60:17-61:10.) As the three related cases are consolidated for discovery and claim construction purposes, it is imperative that the cases proceed in step. (*See* Ex. A [D.I. 29] at 61:8-10 ("But it doesn't make sense to me to be carving Par out here, there and everywhere.").) However, it was already apparent at that time that the disputes surrounding Par's trade secret counterclaim could hijack the schedules for the patent infringement cases. (Ex. A [D.I. 29] at 58:23-59:24). And that is exactly was has happened.

---

[1] *Reckitt Benckiser, et al. v. Par Pharmaceutical, Inc., et al.*, No. 13-1461-RGA; *Reckitt Benckiser, et al. v. Watson Laboratories, Inc., et al.*, No. 13-1674-RGA; and *Reckitt Benckiser, et al. v. Alvogen Pine Brook, Inc., et al.*, No. 13-2003-RGA.


WOMBLE
CARLYLE
SANDRIDGE
& RICE
LLP

The Scheduling Order requires that "the Defendants in each of the Three Related Actions shall produce to the Plaintiffs the Core Technical Documents related to the accused products, including but not limited to the subject ANDAs filed, respectively, by one or more Defendants in each of the Three Related Actions, by January 21, 2014." (D.I. No. 33, at ¶ 3(h)) (original emphasis omitted). Notwithstanding the Court's Order, on January 21, 2014, Par did not produce its core technical documents to MonoSol. Instead, Par sent a letter to counsel for co-Plaintiff Reckitt Benckiser ("RB") explaining that Par would not produce its Core Technical Documents to MonoSol and that Par's production to RB was conditioned on RB not disclosing the Core Technical Documents to MonoSol. (Ex. B and D). Par's failure to comply with the scheduling order was addressed at meet-and-confers on January 22 and 23, 2014. Only after the conferences did Par produce a partial version of its ANDA, with parts considered to "implicate trade secrets" redacted. (Ex. C).

Par concedes that the partial production of the ANDA does not satisfy the production specified in the Scheduling Order. (D.I. 45 at 1). Indeed, an incomplete production of the ANDA undermines the very purpose of the Scheduling Order—ensuring expeditious and efficient case management. *Tracinda Corp. v. Daimlerchrysler AG*, C.A. No. 00-933-JJF, 2005 U.S. Dist. LEXIS 6741, at *6-7 (D. Del. Apr. 20, 2005). Failure to produce critical technical information delays the core patent infringement case, as it hinders MonoSol's ability to conduct its full infringement analysis in anticipation of the next Scheduling Order deadline. (D.I. 33, at ¶ 3(i)). It also de-couples the schedules in the three related cases, as both Watson and Alvogen complied with deadline. Perhaps most importantly, deliberate violation of the Court's Scheduling Order—even after raising the issue with the Court at the Rule 16 Conference—is unacceptable.

## II. Par Did Not Timely Obtain A Protective Order

Par also did not timely obtain a protective order or extension. From the time Par filed its counterclaim, Par has expressed its intent "to seek a protective order in this action to prevent MonoSol from accessing and using Par's confidential technical information to formulate and bring any allegation of trade secret misappropriation against Par prior to MonoSol identifying with reasonable particularity MonoSol's alleged trade secret(s)." (D.I. 15, at ¶ 45; *see also* Ex. A, [D.I. 29] at 51:23-52:5.) Even though Par expressed this sentiment early, it sought judicial intervention late, waiting to contact the Court until the day of the deadline. (*See also* Ex. A [D.I. 29] at 59:1-3). This is insufficient to dispense Par's obligation under the Scheduling Order. *See St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, 292 F.R.D. 162, 167 (D. Del. 2013) ("[Plaintiff] engaged in sanctionable conduct when it engaged in self-help by filing a motion to stay, then proceeding as if that motion had already been granted. No party may unilaterally rewrite the Court's Scheduling Order.").

Par's attempts to justify its actions by pointing to supposed deficiencies in MonoSol's discovery responses are misplaced. It is black letter law that a discovery dispute does not sanction non-compliance with a court order. Regardless of MonoSol's discovery responses, which were complete and appropriate, Par had an obligation to either comply with the



Scheduling Order or timely obtain judicial intervention. Fed. R. Civ. P. 16(b) and 26(c). Par did neither.

Additionally, Par's argument ignores the fact that MonoSol has not alleged trade secret misappropriation. (Ex. A [D.I. 29] at 60:8-9.) The reason MonoSol has not alleged trade secret misappropriation (and cannot provide Par with the responses it seeks) is simple. MonoSol could not and did not make such an allegation of trade secret misappropriation because MonoSol did not have pre-suit access to Par's ANDA and does not know what technology Par is using. (Ex. A [D.I. 29] at 53:22-54:1 ("Well, we precisely didn't bring a trade secret claim because we don't know what they're using or what technology they're using in their product.").) Therefore, it is impossible for MonoSol to speculate reasonably as to what trade secrets Par may have misappropriated.

### III. Par's Trade Secret Counterclaim Does Not Belong In The Case

Par's trade secret counterclaim does not belong in the case.[2] As discussed above, MonoSol has not alleged and does not contend Par has misappropriated any trade secrets. Accordingly, jurisdiction over the counterclaim does not exist as there is no case or controversy between MonoSol and Par.

While there may be no controversy regarding MonoSol's actual trade secrets, there is plenty of controversy surrounding Par's trade secret counterclaim. By failing to comply with the Scheduling Order, Par delays MonoSol's ability to perform its full infringement analysis and conduct additional discovery that is contingent upon reviewing a complete ANDA. (*See, e.g.*, D.I. 33, at ¶ 3(i)). In turn, a delay in MonoSol's infringement contentions may affect other deadlines and MonoSol's ability to appropriately respond in the related cases. The problems introduced into the patent infringement cases by the trade secret counterclaim outweigh the prevention of any hypothetical harm raised by Par.

Par's unilateral conduct has forced MonoSol to seek the Court's intervention. MonoSol should not have been forced to bring a motion before the Court to compel Par to produce its complete ANDA as required by the Scheduling Order. As such, MonoSol requests that the Court sanction Par and award MonoSol its attorneys' fees and costs incurred in bringing this motion and/or dismissal of Par's counterclaim for declaratory judgment.

Respectfully,

Mary W. Bourke

Mary W. Bourke

---

[2] Federal Rules of Civil Procedure 16(f) and 37(b) provide that a court may issue an order if a party or its attorney fails to obey a scheduling order. *St. Clair*, 292 F.R.D. at 164. Orders include attorneys' fees and dismissal of an action in whole or in part. MonoSol contends that Par's trade secret case should be dismissed and is willing to brief the issue separately, if the Court prefers.