

WOMBLE
CARLYLE
SANDRIDGE
& RICE
A LIMITED LIABILITY
PARTNERSHIP

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Telephone: (302) 252-4320
Fax: (302) 252-4330
www.wcsr.com

Mary W. Bourke
Partner
Direct Dial: 302-252-4333
Direct Fax: 302-661-7733
E-mail: MBourke@wcsr.com

January 30, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *Reckitt Benckiser, et al. v. Par Pharmaceutical, Inc. et al.*, C.A. No. 13-1461-RGA

Dear Judge Andrews,

MonoSol writes in response to Par's letter brief of January 27, 2014, regarding Par's refusal to produce its ANDA on January 21, 2014, as required by the Scheduling Order. (D.I. 45). MonoSol respectfully asks that the Court deny Par's request for an order relieving it of its obligation to produce its complete ANDA in unredacted form.

MonoSol has not accused Par of stealing its trade secrets. Par's argument and cases are driven by the notion that MonoSol brought the claim—which it did not. MonoSol could not and did not allege trade secret misappropriation because MonoSol does not know precisely what technology Par is using. (D.I. 41-8 [Ex. A (D.I. 29)] at 53:22-54:1 ("Well, we precisely didn't bring a trade secret claim because we don't know what they're using or what technology they're using in their product.").) Par has it backwards.

Instead, Par is leveraging its trade secret counterclaim to withhold production of its ANDA despite the deadline in the Scheduling Order. If, as it maintains, Par has not stolen trade secrets, then there is no reason not to produce its ANDA. Moreover, Par clearly has an idea of what trade secrets are implicated in its ANDA because Par was able to redact that information out before it produced its partial ANDA to MonoSol.

### I.   The Prior Relationship Between MonoSol And Par

Prior to this litigation, MonoSol and Par engaged in multiple projects to develop orally dissolving thin film pharmaceutical products. For example, in 2008, MonoSol and Par entered into a License, Development and Supply Agreement for the purpose of developing orally dissolving thin film strips containing the active ingredient Ondansetron (the "Ondansetron Project"). Shortly, after the relationship between MonoSol and Par ended, Par and IntelGenX began developing the generic Suboxone® product that is the subject of this litigation. Without access to Par's ANDA, MonoSol cannot determine whether or not Par misappropriated confidential information.



## II. The Burden Does Not Shift To MonoSol Simply Because Of Par's Declaratory Judgment Counterclaim

The caselaw does not support Par's argument that MonoSol bears the burden of identifying its trade secrets that *may* have been misappropriated *before* Par produces its unredacted ANDA. Par relies upon cases in which a trade secret claim is brought by the plaintiff-trade secret owner. These cases say that "a party *alleging* a claim for misappropriation of trade secrets is required to identify its alleged trade secrets with reasonable particularity before it will be allowed to compel discovery of its adversary's trade secrets." *Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at * (D. Nev. June 19, 2012); *see also Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001); *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680-81 (N.D. Ga 2007). When a trade secret owner sues for trade secret misappropriation, it makes sense that the trade secret owner could identify its trade secrets prior to seeking discovery from its adversary. In filing a claim, the trade secret owner must have a Rule 11 basis to claim its trade secrets have been misappropriated. That, however, is not the situation in this case, and Par admits that this is not the typical trade secrets case. (D.I. 41-8 [Ex. A (D.I. 29)] at 52:21-22 ("I will concede, Your Honor, that it's not typically a DJ action.").)

Instead, the situation is completely reverse. Par is the party that has injected the trade secrets issue into this case—Par claims it has not stolen MonoSol's trade secrets. (D.I. 15 at 22.) Yet, under Par's proposed procedure, it is MonoSol that now has the burden to sort through thousands of pages of information and interview its employees to determine what trade secrets it disclosed to Par.

It also appears that Par has already identified MonoSol trade secrets that were potentially misappropriated. Instead of producing its complete ANDA, Par produced a partial ANDA with the portions that "implicate trade secrets" redacted out. (D.I. 45 at 3.) This is concerning. If Par did not misappropriate any of MonoSol's trade secrets, there should be no information in Par's ANDA that "implicates trade secrets." Moreover, it is difficult to imagine how Par identified which sections of the ANDA "implicate trade secrets" without first having some idea about the scope of MonoSol's trade secrets. Nonetheless, it appears it was not a burden for Par to identify the trade secrets it allegedly did not misappropriate.

## III. The Scope Of Discovery Is Certain: Par's ANDA and Its Development

Discovery in this case will focus on Par's ANDA and the development work leading to its proposed generic version of Suboxone®. It is no surprise where the trade secrets information might be—Par has redacted it from its ANDA.

Even under the law cited by Par, there is no need for MonoSol to identify its trade secret information. Delaware courts have not held that a plaintiff *must* identify its alleged trade secrets before obtaining the defendant's confidential information, but rather that "disclosure of plaintiff's trade secrets prior to discovery of defendant *may* be necessary to enable the defendant and ultimately the Court to ascertain the relevance of plaintiff's discovery." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991) (emphasis added) (citation omitted); *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986) (stating "the plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel

2



discovery of its adversary's trade secrets"). Whether disclosure of a plaintiff's trade secrets is ultimately required is "clearly fact dependent," and requires the balancing of equities. *See DeRubeis*, 244 F.R.D. at 680-81; *see also Engelhard*, 505 A.2d at 33.

MonoSol is severely prejudiced by the delay in receiving Par's complete ANDA. MonoSol needs Par's complete ANDA to proceed with the core patent infringement issues in the case. (D.I. 45 at 1 ("Par fully understands that MonoSol needs Par's full ANDA for the patent disputes at issue.").) Every day that Par withholds its ANDA further hinders MonoSol's ability to prosecute this patent infringement case against Par and interferes with MonoSol's ability to coordinate its case presentation in the Par, Watson, and Alvogen cases.[1]

Requiring MonoSol to comb through its files on the collaborative work that MonoSol and Par did for previous projects is massively burdensome. Par argues that MonoSol has the burden to sort through thousands of pages of information and interview its employees to determine what trade secrets it disclosed to Par. Requiring discovery on a separate NDA essentially doubles the scope of discovery. This burden could be avoided if Par just produced its ANDA without redacting "sensitive information."

On the other hand, the harm to Par is both hypothetical and minimal. Par knows how its generic Suboxone product is made and how the product was developed. Par claims that producing its complete ANDA prior to MonoSol's trade secret identification will be "irreparably harm" Par by allowing MonoSol to "mold" its trade secret claims to fit Par's ANDA. (D.I. 45 at 3.) However, Par overlooks the fact that MonoSol has the ultimate burden of proving any trade secret misappropriation claim MonoSol could hypothetically bring in the future. The theoretical harm is insufficient to outweigh the prejudice MonoSol suffers as a result of Par's delay.

## IV. Conclusion

MonoSol respectfully asks the Court to deny Par's request for an Order compelling MonoSol to supplement its discovery responses.[2] MonoSol also respectfully asks the Court deny Par's request for an Order protecting Par from disclosure of its ANDA to MonoSol until MonoSol identifies the trade secrets MonoSol disclosed to Par.

Respectfully,

Mary Bourke

Mary W. Bourke

---

[1] *Reckitt Benckiser, et al. v. Par Pharmaceutical, Inc., et al.*, No. 13-1461-RGA; *Reckitt Benckiser, et al. v. Watson Laboratories, Inc., et al.*, No. 13-1674-RGA; and *Reckitt Benckiser, et al. v. Alvogen Pine Brook, Inc., et al.*, No. 13-2003-RGA.

[2] MonoSol's responses to Par's discovery requests were fair and complete. In its interrogatory, Par sought information "concerning the manufacture or composition of Suboxone® oral film product that MonoSol contends constitute a trade secret under any applicable law, and that MonoSol contends was disclosed to Par during the period of MonoSol's relationship with Par...." The parties did not collaborate on Suboxone®. Par also requested production of all documents that MonoSol produced to Par, which by definition are already in Par's possession.