

RICHARDS
LAYTON &
FINGER
Attorneys at Law

Steven J. Fineman
302-651-7592
Fineman@rlf.com

January 30, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3555

Re:   _Reckitt Benckiser et al. v. Par Pharmaceutical, Inc. et al._, C.A. No. 13-1461-RGA

Dear Judge Andrews:

MonoSol's refusal to identify its purported trade secrets, and its failure to comply with discovery obligations, brings the parties to this point. Months before this lawsuit commenced, MonoSol created the dispute about whether Par improperly uses MonoSol's trade secrets, and whether such use is established by reference to Par's ANDA. At the time, Par offered to share its ANDA with MonoSol, despite no obligation to do so, if MonoSol first would identify its purported trade secrets. Courts understand Par's insistence on trade secret identification, and they understand MonoSol's refusal to comply – whether "information" merits "trade secret" designation is a fluid and ephemeral issue – and MonoSol has a better trade secret claim if it defines its purported intellectual property based on "information" Par uses. And courts resolve this understanding in Par's favor – the trade secret claimant must specify its purported trade secret before discovering the defendant's technology. MonoSol's waffling position on the trade secret claims makes the point – it did not assert trade secret misappropriation (that would require it to specify its trade secrets); it did not move to dismiss Par's counterclaim (which alleges a live trade secret controversy); its answer disputes the existence of a controversy, but it will not tell this Court that no dispute does or could exist. MonoSol wants to keep its powder dry until late in this dispute, and reserve its right to assert a trade secret claim based on documents it may discover in this case.

MonoSol's letter brief downplays the fact that Par has agreed to produce its ANDA, and has already produced its ANDA (in its entirety) to the Reckitt Benckiser Plaintiffs. The only dispute that remains is the timing of that production to MonoSol—a dispute that could have been avoided had MonoSol timely satisfied its discovery obligations. For the reasons herein and those set forth in Par's letter brief seeking alternative relief (D.I. 45) ("Par's January 27 Letter"), Par respectfully requests that MonoSol be required to identify MonoSol's alleged trade secrets with particularity before Par is required to disclose its unredacted ANDA to MonoSol.

**I.     This Dispute Would Not Have Arisen If MonoSol Had Simply Complied With Its Discovery Obligations**

On December 18, 2013, Par served one Interrogatory to MonoSol. That interrogatory requested that MonoSol "[i]dentify with reasonable particularity any and all information concerning the manufacture or composition of Suboxone® oral film product that _MonoSol contends constitutes a trade secret_ under any applicable law, and that _MonoSol contends was disclosed to Par_ during the period of MonoSol's relationship with Par." (D.I. 45, Ex. A, at 4

(emphases added).) MonoSol's response failed to identify even one trade secret with any specificity, stating, *inter alia*, that "MonoSol disclosed thousands of pages of formulation and manufacturing documents to Par and its representatives." (D.I. 45, Ex. E, at 6-7.) Not only did this response fail to disclose *any* specific information about the subject matter or content of the information disclosed to Par, it failed to identify *which* of that information MonoSol contends is a legally protectable trade secret.[1] Courts routinely hold that such disclosures are insufficient to identify a trade secret with the requisite specificity. *Dura Global Techs., Inc. v. Magna Donnelly, Corp.*, No. 07-10945, 2007 WL 4303294, at *4 (E.D. Mich. Dec. 6, 2007) (holding that a trade secret disclosure was too general); *Perlan Therapeutics, Inc. v. Superior Court*, 101 Cal. Rptr. 211, 226 (Cal. Ct. App. 2009) (rejecting attempt to define trade secrets with a broad "catch-all"); *see also Dow Chem. Canada Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346-59 (D. Del. 2012) (granting summary judgment where plaintiff failed to identify trade secrets where it identified lists purportedly given to a defendant without defining the content of those lists).

MonoSol's implication that it cannot identify its trade secrets because it "did not have pre-suit access to Par's ANDA and does not know what technology Par is using" (D.I. 48, at 3) is just wrong. Par's interrogatory did not ask MonoSol to identify what Par is using; it asked MonoSol to identify information relating to its Suboxone® oral film that constitutes an alleged trade secret – a trade secret MonoSol owns and disclosed to Par. This interrogatory was perfectly sensible -- before this lawsuit MonoSol said that "under prior agreements MonoSol has provided Par with information relating to its manufacturing process and know-how." (D.I. 45, Ex. C, at 2.) MonoSol should be able to define its own intellectual property. And it should be able to do so without any reference to or reliance upon Par's ANDA. *See Perlan*, 101 Cal. Rptr. 211, 226 ("If [plaintiff] does not know what its own trade secrets are, it has no basis for suggesting defendant[] misappropriated them.").

The trade secret dispute comes to this court by Par's declaratory judgment claim. But that procedural posture does not dilute the existence of the controversy, nor does it alter procedures or substantive burdens of proof. MonoSol has not sought to dismiss Par's declaratory counterclaims. Thus, MonoSol does not take the position that there will be no dispute regarding trade secrets—it merely wants to review Par's ANDA before taking a position on what, if any, trade secrets were disclosed to Par. This is a problem of MonoSol's making. Notwithstanding its protestations to the contrary, MonoSol created this issue when it sought pre-suit access to Par's ANDA to "consider trade secret issues." (*See* D.I. 15 ¶¶ 32-35; D.I. 45, Ex. C, at 2.)

## II. Par Immediately Took All Available Actions to Obtain Relief

MonoSol's claim that Par's request for a protective order is untimely is likewise unfounded. As explained in Par's January 27 Letter (D.I. 45), Par made every attempt to resolve this issue in advance of the deadline for production of the ANDA. Immediately after the scheduling conference, Par sought a conference with MonoSol to seek its agreement that it would identify its trade secret information before production of Par's ANDA. When MonoSol

---

[1] If MonoSol contends that its interrogatory response contains a full description of its alleged trade secrets, Par will accept that representation and hold MonoSol to this definition in the future. That, of course, would preclude MonoSol from alleging any trade secret misappropriation for any trade secret not specifically identified now (which is none).

refused, Par promptly served its discovery requests, which had a response deadline prior to the production of Par's ANDA. MonoSol took the entire 30 period to respond to those discovery requests,[2] and then served deficient responses. The next morning, Par requested a meet-and-confer, and scheduled the Court hearing at the earliest possible opportunity, even though MonoSol did not make itself available to confer for four days after Par raised the issue. Par has acted in good faith, and with all possible diligence under the circumstances.

MonoSol's assertion that Par should have brought this dispute earlier puts the rabbit in the hat – this dispute, this hearing, would not be necessary if MonoSol met its discovery obligations on or before January 17, 2014. Before that, Par had no dispute it could frame for the Court's resolution. MonoSol suggests that Par should have sought an advisory action based on predicted future discovery deficiencies. Instead, Par made its request for a protective order at the earliest possible time after the dispute was ripe.

## III.   MonoSol's Request For Sanctions Is Unsupported and Unwarranted

MonoSol's request for sanctions fails to offer the appropriate legal standard for imposing sanctions, let alone an analysis of why sanctions are warranted.[3] In light of Par's diligent efforts to expedite the resolution of this dispute and alleviate any possibility of prejudice, Par respectfully submits that sanctions are not appropriate under the circumstances.

As Par has already explained, Par acted with all reasonable diligence to bring this to the Court's attention and resolve this dispute as quickly as possible. Moreover, Par made every effort to reduce the disruptive impact of this dispute on this litigation. For example, Par provided its full ANDA to the Reckitt Benckiser Plaintiffs so that the Reckitt Benckiser Plaintiffs can begin formulating their invalidity contentions.

Moreover, to the extent that this Court rejects Par's request, Par is prepared to immediately produce its unredacted ANDA to MonoSol and make corresponding concessions in the schedule. Specifically, Par is agreeable to MonoSol taking the ten additional days that have passed since the January 21 ANDA production deadline to serve its infringement contentions, *without modifying the remaining deadlines in the schedule*. Accordingly, the only party who will be adversely affected by this modification is Par, who will have less time to prepare its invalidity contentions. Plaintiffs cannot reasonably contend that they will be prejudiced because they are required to provide infringement contentions in the Par case days later than in the other corresponding cases, when no other deadlines are affected, because Par's ANDA has no relationship to the alleged infringement of other defendants.

Thus, for the reasons herein and in Par's January 27 Letter, Par respectfully requests that MonoSol's requests be denied.

---

[2]   Although it is MonoSol's right to serve its responses thirty days after the discovery requests were served, MonoSol could have contacted Par to advise Par that it would not be providing specific responses, or provided its responses earlier. Had MonoSol done so, this dispute may have been resolved before the ANDA production deadline.

[3]   For example, MonoSol provided no argument to support its claim that dispositive sanctions are warranted under the factors enumerated by the Third Circuit. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Like MonoSol, Par is willing to provide briefing on this issue if the Court is not inclined to deny the request at this juncture.

The Honorable Richard G. Andrews
January 30, 2014

Respectfully,

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)

cc:    All counsel of record (via CM/ECF)