Steven J. Fineman
302-651-7592
Fineman@rlf.com

# RICHARDS LAYTON & FINGER

Attorneys at Law

April 3, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Reckitt Benckiser et al. v. Par Pharmaceutical, Inc. et al.*, C.A. No. 13-1461-RGA

Dear Judge Andrews:

MonoSol's refusal to identify trade secrets Par allegedly misappropriated brings this discovery dispute to the Court. MonoSol originally claimed that Par may have misappropriated MonoSol's trade secrets. While Par denies the claim, MonoSol's allegations present an actual controversy that gave rise to Par's Declaratory Judgment claim. MonoSol denies that any such controversy exists, refuses to seek dismissal of the claim, and refuses to identify its own alleged intellectual property conveyed to Par during the parties' prior commercial relationship. In the January 31, 2014 hearing, Par sought an order requiring MonoSol to identify any trade secrets allegedly misappropriated, or otherwise disclaim any controversy. MonoSol of course is perfectly capable of specifying any trade secrets it owns—and that it may have conveyed to Par during the prior relationship—but MonoSol insisted on full access to Par's ANDA to assess whether Par misappropriated any MonoSol trade secrets, and whether any misappropriation dispute remains.

The January 31, 2014 hearing addressed whether MonoSol had to specify with particularity its alleged trade secrets before Par produced its full ANDA. MonoSol prevailed, and Par's counsel handed to MonoSol's counsel the balance of the ANDA at the hearing. MonoSol has studied that complete ANDA for more than eight weeks. Par understood the Court to say that MonoSol had to determine from its analysis of the full ANDA whether a trade secret dispute existed, and could not proceed with "real discovery" on trade secret issues without such a determination: "If we get too far and you're not in a position to say that either there are [no trade secrets], it's over – if somehow or other it's not over, then I do think we need to do something where . . . *whatever trade secrets you have that you now think are implicated in the ANDA, they are going to be identified before you start doing real discovery*, all right?" (Ex. 1, at 33:18-34:8 (emphasis added).)

MonoSol still refuses to specify any trade secrets, and now seeks "real discovery" on trade secret issues. MonoSol contends that its eight-plus week examination of Par's full ANDA cannot establish whether Par misappropriated MonoSol trade secrets, *or even allow MonoSol to specify with particularity its own intellectual property*. Instead, MonoSol seeks full discovery on all potential trade secret issues, while simultaneously denying that misappropriation issues exist, and also refusing to seek dismissal for lack of subject matter jurisdiction—a motion that the Court indicated it would grant based on the existing record. (*Id.* at 31:8-21.)

■ ■ ■

MonoSol seeks to win all sides of this argument. MonoSol has contended from the outset that it could not assess the merits of any trade secret dispute without examining Par's ANDA (even though MonoSol should be capable of identifying any of its own intellectual property it conveyed to Par during the parties' prior relationship). MonoSol has possessed Par's entire ANDA since January 31, 2014. Despite the opportunity to study Par's ANDA, MonoSol maintains its original position: it cannot—and need not—identify its own intellectual property conveyed to Par; it cannot identify allegedly misappropriated trade secrets evident in Par's ANDA; it will not seek to dismiss the trade secret Declaratory Judgment action; and it is entitled to full discovery on all potential trade secret misappropriation issues.

This Court previously advised MonoSol that it would have to disclose any allegedly misappropriated trade secrets before MonoSol starts "doing real discovery." (*Id.* at 33:18-34:8). Because MonoSol has neither identified its trade secrets, nor moved to dismiss the trade secret claim, Par respectfully requests that this Court order MonoSol to supplement its response to Par's Second Set of Interrogatories (Exs. 2, 3), and require MonoSol to identify its trade secrets with reasonable particularity, or state that Par's ANDA does not implicate its trade secrets.

I. **MonoSol's Refusal To Comply With Its Discovery Obligations**

On December 18, 2013, Par served a single Interrogatory to MonoSol, which requested that MonoSol identify trade secrets it contends were disclosed during the prior Par/MonoSol commercial relationship. (D.I. 45, Ex. A, at 4.) After MonoSol refused to identify any alleged trade secrets (*see* D.I. 45; D.I. 51), MonoSol contended at a discovery conference that it would be unduly burdensome to identify its trade secrets before Par produced its ANDA. (Ex. 1, at 15:14-16:16:10; *see also* D.I. 50 at 3.) Par expressed, among other concerns, that disclosing its ANDA would empower MonoSol to "mold" or "frame" its trade secrets based on information in Par's ANDA. MonoSol's defense of this point was unambiguous: "if there was trade secret, you know, *it would be in the ANDA*." (*Id.* at 16:17-21 (emphasis added).)

On February 3, 2014, Par served its Second Interrogatory,[1] requesting that Monosol "[i]dentify with reasonable particularity any and all information reflected in Par's ANDA that MonoSol believes evidences Par's misappropriation of a MonoSol trade secret under any applicable law, including all facts supporting MonoSol's belief that such information is not generally known to, and not readily ascertainable by proper means by, others who can obtain economic value from their disclosure or use." (Ex. 2, at 2.) Like its response to Par's First Interrogatory (which MonoSol has not supplemented), MonoSol's response to this Second Interrogatory failed even to identify one alleged trade secret. (Ex. 3.) MonoSol's purported justification for this failure was that Par had not produced its development documents— something MonoSol never had suggested was required for it to identify its own intellectual property conveyed to Par. (*See id.* at 3.)

In response to this deficient Interrogatory response, Par offered MonoSol additional time to review Par's ANDA and supplement is response. MonoSol refused, again citing the need for further discovery. (Ex. 4.) During the parties' March 18, 2014 meet and confer, MonoSol

---

[1] Par and IntelGenx are limited to ten individual interrogatories to Plaintiffs. (D.I. 33 at 2.) Par has now been forced to use two of those interrogatories on this issue.

declined to seek dismissal of the trade secret counterclaims, arguing that it was entitled to discovery regarding disputed trade secret issues—the trade secret issues it simultaneously denies exist. MonoSol also has served Requests for Production that are directed solely to trade secret issues. (Ex. 5, at *e.g.* Nos. 70-72, 76.) The concerns Par raised during the January 31, 2014 hearing have fully matured: MonoSol now seeks "real discovery" about trade secrets it refuses to identify, denies were misappropriated, but retains the claim in this dispute.

## II. MonoSol Should Identify Its Trade Secrets Before Discovery Commences

At the last hearing on this issue, the Court told MonoSol that "whatever trade secrets you have that you now think are implicated in the ANDA, they are going to be identified before you start doing real discovery, all right?" (Ex. 1, at 34:6-8.). MonoSol now seeks "real discovery," but refuses to identify any allegedly misappropriated trade secrets, simultaneously disputing that any trade secrets in fact were misappropriated. This is a "fishing expedition" defined, and precisely what Delaware law precludes.

MonoSol's assertions that the discovery it seeks is no different than in any ANDA is wrong as a matter of fact and law. During the parties' meet and confer, MonoSol stated it is entitled to discovery regarding trade secret issues—including regarding the research and development of Par's product. Such discovery is far broader than typical in an ANDA matter, which "is properly grounded in the ANDA application and the extensive materials typically submitted in its support." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000). MonoSol's first set of Requests for Production seek documents that are not related to the infringement inquiry, including, *inter alia*, "[a]ll documents and things relating to communications with MonoSol." (Ex. 5, at No. 71.) Also, in refusing to supplement its response to Par's Second Interrogatory, MonoSol stated that "our review and analysis will likely require MonoSol to take depositions relevant to Par's Interrogatory and to MonoSol's response." (Ex. 4.) Again, MonoSol seeks to win all sides of this argument.

Delaware law requires early identification of trade secrets to, among other reasons, fix the scope of discovery and prevent fishing expeditions. (D.I. 45, at 2.) MonoSol's tactics seek to avoid this controlling law and engage in extensive discovery without identifying trade secrets. Additionally, as Par previously explained, the rule requiring early identification of trade secrets also limits the trade secret owner's ability to "mold" its trade secrets around the discovery it receives. (D.I. 45, at 2.) Despite MonoSol's prior assurance that "if there was trade secret, you know, it would be in the ANDA," (Ex. 1, at 16:17-21), MonoSol now claims that it cannot tell from the ANDA alone whether its trade secrets are implicated. In other words, MonoSol claims it must look at Par's documents to define *its own intellectual property*. The broad discovery would empower MonoSol to "mold" its trade secrets to the information it finds in Par's documents. MonoSol does not need Par's documents to identify its own trade secrets—MonoSol should be able to identify its own intellectual property, especially now that it has Par's ANDA.

Par respectfully requests that this Court order MonoSol to supplement its response to Par's Interrogatory No. 2, and either: (1) identify with particularity which information in Par's ANDA evidences Par's purported misappropriation of a MonoSol trade secret; or (2) state that Par's ANDA does not implicate MonoSol's trade secrets.

>Respectfully,
>
>*/s/ Steven J. Fineman*
>
>Steven J. Fineman (#4025)

cc: All counsel of record (via CM/ECF)